IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-60,557-03






EX PARTE ALFONSO AGUIRRE-MELERO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 76032-341-2 IN THE 34TH JUDICIAL DISTRICT COURT OF
EL PASO COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. After having been placed
on deferred adjudication community supervision, Applicant was later adjudicated guilty of
the offense of possession of a controlled substance, and punishment was assessed at fifteen
years' confinement. Applicant's direct appeal was dismissed for want of jurisdiction.
Aguirre-Melero v. State No. 08-03-00217-CR (Tex. App. --El Paso, delivered September
18, 2003, pet. ref'd).

 Applicant contends that his counsel was unable to provide effective assistance at the
revocation hearing, because the trial judge harbored an intense dislike for counsel. Applicant
alleges that counsel was unable to communicate a three-year plea offer from the State to
Applicant because the judge yelled at counsel to "go" and warned counsel not to do his client
"any more harm." Furthermore, Applicant alleges that the trial judge approached counsel in
the hallway after the hearing, with clenched fists and a red face, yelling that counsel did not
know the law, and invited counsel to "fight" with him.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The court may resolve those issues as set
out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits, depositions,
or interrogatories from counsel and the prosecuting attorney, or it may order a hearing. 

 If the habeas court elects to hold a hearing, the court shall first decide whether
Applicant is indigent. If the habeas court finds that Applicant is indigent and Applicant
desires to be represented by counsel, the habeas court will then, pursuant to the provisions
of Tex. Code Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the habeas court shall make findings of
fact as to whether the State made a three-year plea offer, and whether defense counsel
transmitted such offer to Applicant. The habeas court shall also make findings as to whether
Judge Sam Paxson argued with Applicant's counsel, Eduardo N. Lerma, Sr., during and/or
immediately following Applicant's adjudication hearing. If a transcript of the adjudication
hearing exists, the court shall forward the transcript to this Court along with its findings of
fact and conclusions of law. The habeas court shall make findings as to whether Judge
Paxson showed bias against Mr. Lerma, and if so, whether and how any such bias affected
the outcome of Applicant's adjudication and sentencing. The court shall make findings as
to whether Applicant was provided effective assistance of counsel in this matter. The court
shall also make any further findings of fact and conclusions of law it deems relevant and
appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred and twenty days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 14TH DAY OF JUNE, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.